IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM BOWSER,**<br>    2132 32nd Place SE<br>    Washington, D.C. 20005<br><br><br>    **Plaintiff,**<br>v.<br><br>**FEDERAL NATIONAL**<br>**MORTGAGE ASSOCIATION,**<br>    3900 Wisconsin AVE N.W.,<br>    Washington, D.C., 20016<br><br><br>    **Defendant** | Case No.<br><br>**Complaint for violations of the**<br>**D.C. Human Rights Act, FMLA,**<br>**DCFMLA, and D.C.**<br>**Common Law** |

Plaintiff **WILLIAM BOWSER** ("Plaintiff") through their attorneys, HKM Employment Attorneys, LLP, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to FEDERAL NATIONAL MORTGAGE ASSOCIATION's ("Defendant") unlawful treatment of Plaintiff in violation of the District of the Columbia Human Rights Act ("Human Rights Act"), D.C. Code § 2-1401.11, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., the District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code § 32-501 et seq., 4 DCMR §1600, and D.C.'s common law against the intentional infliction of severe emotional distress.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction given one or more federal questions at issue.
3. Venue is appropriate because Defendants' place of business is in the District of Columbia and Defendants' actions occurred in the District of Columbia.

## PARTIES

4. At all relevant times, Plaintiff was a resident of Washington, D.C.
5. At all relevant times, Defendant was a resident of Washington, D.C.
6. At all relevant times, Defendants actively conducted business in the District of Columbia.
7. At all relevant times, Defendants were and are "employers" of Plaintiff within the meaning of the DCHRA and D.C. common law.

## FACTS

8. Plaintiff was employed by Defendant as a Data Scientist Manager since approximately May, 2022 until he was terminated by Defendant because of his newly acquired disabilities.
9. On or around Oct. 30, 2025, Plaintiff experienced an incredibly traumatizing house fire, in which Plaintiff lost effectively everything of value that was stored in his home, suffered his wife's near-death experience having almost burned to death and perished in the fire, and suffered the death of his pet - a valued family member whom Plaintiff loved - who was incinerated in the fire.
10. As a result of said trauma, Plaintiff suffered severe acute post-traumatic stress disorder ("PTSD") - ICD-10: F43.11, Major Depressive Disorder ("MDD") - ICD-10: F33.1, and Generalized Anxiety Disorder - ICD-10:F41.1, all of which he immediately began seeking treatment for.
11. Plaintiff notified Defendant of the incident various times throughout this ordeal.
12. The first time Plaintiff notified Defendant of the issue was via a workplace messaging app (e.g., Teams or Slack) to Defendant's CCA Team on October 30, 2025 at approximately 10:53AM.
13. After providing ample notice of the urgency to Defendant on October 30, 2025, Plaintiff immediately took five days of PTO.
14. Plaintiff had previously accrued more than five days of PTO.
15. On the fifth day of PTO, a member of Defendant's human resources team contacted Plaintiff to discuss the PTO, the trauma, and the anticipated short-term disability ("STD"), FMLA, and DCFMLA leave.
16. Plaintiff filed for short-term disability and job-protected medical leave on or around Thursday, November 6, 2025.
17. November 6, 2025 was mere days before Defendant's very obvious discriminatory and retaliatory termination of Plaintiff and interference of said filing for job-protected leave, a protected activity.
18. Plaintiff received confirmation via email of said filing from Blake H. Fitch, Lead Associate HR Operations, an employee of Defendant, noting that the leave that Plaintiff filed for was "a medical leave for himself starting immediately."
19. That email from Blake H. Fitch was also sent to fanniemae@sedgwick.com and the Leave Mailbox email address, leave_mailbox@fanniemae.com.

20. Furthermore, Plaintiff received email confirmation on Thursday, November 6, 2025 at approximately 5:46PM from Sedgwick, Defendant's third party claims and/or leave administrator, confirming that Plaintiff had submitted his disability claim, with an estimated return to work date of January 29, 2026. The claim number provided was 4A251156T810001.

21. On November 10, 2025 at 6:40AM, Defendant sent Plaintiff an email with the subject line "Important: Work from home today, Monday, November 10th." The body of the email included the following language: "Please plan to work from home today, Monday, November 10th. You will receive an email between 8:00-9:30am ET from "Fannie Mae Business Updates," which will include a Teams link to join a mandatory meeting in the morning..." Defendant sent Plaintiff that aforementioned follow-up email with a Teams link, and Defendant then callously notified Plaintiff that Defendant was terminating Plaintiff with an effective termination date of November 21, 2025. No reason was given for said termination, but the reason was very obviously related to Plaintiff's newly acquired disability and his related protected activity involving leave requests.

22. Defendant, in an act of pure malice, added figurative fuel to the fire when Defendant terminated Plaintiff because Plaintiff suffered from a disability and because Plaintiff engaged in protected activity. Defendant adverse actions served as an intentional thwarting of Plaintiff's laudable attempts to heal as best he could from the recent trauma he endured. Instead of acting with a shred of humanity or decency, Defendant's further inflicted severe emotional distress upon Plaintiff.

23. At all times relevant to this action, the DCHRA made it unlawful for Defendants, as Plaintiff's employer, to do any of the following acts, wholly or partially for a discriminatory reason based upon the actual or perceived disability of Plaintiff: "to fail or refuse to hire, or to discharge, [Plaintiff]; or otherwise to discriminate against [Plaintiff], with respect to [Plaintiff's] compensation, terms, conditions, or privileges of employment, including promotion; or to limit, segregate, or classify [Defendants'] employees in any way which would deprive or tend to deprive [Plaintiff] of employment opportunities, or otherwise adversely affect [Plaintiff's] status as an employee."

24. The acts and actions of Defendant, as alleged herein, occurring during the period of Plaintiff's employment, would have been viewed and interpreted as objectively hostile and/or abusive on the basis of disability to a reasonable person.

25. The acts and actions of Defendant, as alleged herein, occurring during the period of Plaintiff's employment, would have been viewed and interpreted as an attempt by Defendant to interference with and prevent Plaintiff from obtaining leave benefits, while remaining employed by Defendant, to a reasonable person.

26. The acts and actions of Defendant, as alleged herein, occurring during the period of Plaintiff's employment, would have been viewed and interpreted as objectively emotionally distressing to a reasonable person.

27.

28. As a direct and proximate result of Defendants' outlandish, hostile, severe, discriminatory, interfering, and retaliatory actions taken against Plaintiff because of Plaintiff's disability, and/or for engaging in a protected activity as alleged herein, Defendants violated Plaintiff's rights under the DCHRA, FMLA, DCFMLA, and D.C. Common Law.
29. Defendant's acts of discrimination, retaliation, and interference as alleged herein directly and proximately caused Plaintiff to suffer substantial emotional distress, including anxiety, panic attacks, lack of sleep, nightmares, and other medical issues, resulting in Plaintiff withdrawing and declining opportunities to engage in social and other previously preferred activities, financial loss arising including lost wages and medical expenses associated past and future mental health treatment to address emotional damages caused by Defendant.

## COUNT I: DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE DCHRA

30. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
31. At all relevant times, Defendants were aware of Plaintiff's disability.
32. Defendant's conduct, as described herein, gives rise to an inference of discrimination because of Plaintiff's disability.
33. Defendant discriminated against Plaintiff, *at least in part*, because of Plaintiff's disability, as alleged herein.

## COUNT II: RETALIATION IN VIOLATION OF THE DCHRA

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
35. Defendant's conduct, as described herein, gives rise to an inference of retaliation.
36. Defendant discriminated against Plaintiff, *at least in part*, because of Plaintiff's disability, as alleged herein.

## COUNT III: INTEFERENCE IN VIOLATION OF THE FMLA

37. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
38. Defendant's conduct, as described herein, gives rise to an inference of interference.
39. Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff before Plaintiff could obtain formal FMLA medical leave benefits.

## COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

40. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
41. Defendant's conduct, as described herein, gives rise to an inference of retaliation.
42. Defendant retaliated against Plaintiff because of Plaintiff's stated intention to seek leave to address his newly acquired disabilities.

### COUNT V: INTEFERENCE IN VIOLATION OF THE DCFMLA

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
44. Defendant's conduct, as described herein, gives rise to an inference of interference
45. Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff before Plaintiff could obtain formal FMLA medical leave benefits.
46.

### COUNT VI: RETALIATION IN VIOLATION OF THE DCFMLA

47. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
48. Defendant's conduct, as described herein, gives rise to an inference of retaliation.
49. Defendant retaliated against Plaintiff because of Plaintiff's stated intention to seek leave to address his newly acquired disabilities.

### COUNT V:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### IN VIOLATION OF D.C.'S COMMON LAW

50. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.
51. Defendants' conduct, as described herein, was and is extreme and outrageous conduct on which either intentionally or recklessly caused Plaintiff severe emotional distress.
52. Defendants' extreme and outrageous conduct caused Plaintiff severe emotional distress, and Plaintiff continues to suffer that emotional distress.

### PRAYER FOR RELIEF

WHERFORE, Plaintiff respectfully requests that the Court award Plaintiff the following:

A. Declare that Defendants' actions violated Plaintiff's rights under the D.C. Human Rights Act, FMLA, DCFMLA, and D.C. Common Law;
B. Award Plaintiff full back pay (e.g., base salary, benefits, bonuses, etc.);
C. Award Plaintiff front pay (e.g., base salary, benefits, bonuses, etc.);

D. Award compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses in an amount to be determined by the jury by trial in excess of $10,000;

E. Award Plaintiff punitive damages;

F. Award Plaintiff reasonable attorney's fees and costs;

G. Award Plaintiff pre- and post-judgment interest as may be permitted by law; and

H. Award any other relief that this Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of facts raised by this Complaint.

Dated: December 14, 2025

Respectfully submitted,
/s/ Gian Fanelli
Gian Fanelli, Esq. (DC Bar # 1020178)
HKM Employment Attorneys LLP
1325 G Street NW, Suite 558, Washington, DC 20005
(202) 978-3272
gfanelli@hkm.com